UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carmen Virella,<br><br>          Plaintiff,<br>v.<br><br>Accounts Receivable Management, Inc.; and DOES 1-10, inclusive,<br><br>          Defendants. | Civil Action No.: _____<br><br><br><br>COMPLAINT |

MAUSKOPF, J.

AZRACK, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 31 2011 ★

BROOKLYN OFFICE

CV 11-5333

SUMMONS ISSUED

For this Complaint, the Plaintiff, Carmen Virella, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Carmen Virella ("Plaintiff"), is an adult individual residing in Ridgewood, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Accounts Receivable Management, Inc. ("ARM"), is a New Jersey

business entity with an address of 155 Mid Atlantic Parkway, Thorofare, New Jersey 08086, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by ARM and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. ARM at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of $12,000.00 (the "Debt") to Wells Fargo (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to ARM for collection, or ARM was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. ARM Engages in Harassment and Abusive Tactics

12. In 2010 Plaintiff entered into a payment agreement with ARM, having agreed to pay $125.00 monthly until August 2011.

13. According to the agreement Plaintiff was to initiate a phone call with ARM in

September 2011 to inform ARM whether Plaintiff could increase payment amount.

14.  However, on September 8, 2011, Nate, a representative of ARM, placed a call to Plaintiff at her place of employment in an attempt to collect the Debt.

15.  Plaintiff informed Nate she was not able to speak at the moment and asked if she could return the call by 1:00pm.

16.  Thereafter Plaintiff contacted April, another representative of ARM to notify April of a better time to contact Plaintiff.

17.  Nate took over the phone call and stated:"That's funny. You couldn't speak then. Now you can? Now you owe me whole balance. It'd better be certified check."

18.  Nate used demanding and harassing tone when attempting to collect the Debt:"You know this has to be paid. I don't what you are waiting for. This has to be taken care of right away."

## C. Plaintiff Suffered Actual Damages

19.  The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.  As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

21.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.  The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants

contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

23. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

29. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

30. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

31. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things,

humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

32. By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 26, 2011

Respectfully submitted,

By _____

5

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff